Filed 10/13/25  P. v. Davis CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAYSHAWN LAMONT DAVIS,<br><br>    Defendant and Appellant. | D084281<br><br><br><br>(Super. Ct. No. FWV17000308) |

APPEAL from a judgment of the Superior Court of San Bernardino County, Bridgid M. McCann and Ingrid A. Uhler, Judges.  Vacated in part and remanded with directions.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Liz Olukoya, Deputy Attorneys General, for Plaintiff and Respondent.

In 2018, Jayshawn Lamont Davis was convicted by a jury of second degree robbery (Pen. Code, § 211)[1] and felony gang activity (§ 186.22, subd. (a)) after he and two companions robbed a GameStop videogame store. The jury also found true a gang enhancement allegation (§ 186.22, subd. (b)(1)), and the trial court found he had served a prior prison term (§ 667.5). Davis was sentenced to 14 years in prison, consisting of a three-year term for the robbery conviction, 10 years for the gang enhancement, and one year for the prior prison term. Davis appealed from the judgment of conviction, and this court remanded for resentencing and directed the trial court to strike the one-year prior prison term in light of retroactive changes to the sentencing laws that had occurred after judgement. A resentencing hearing took place on October 2020 at which Davis's counsel indicated that Davis waived his right to be present. The court resentenced Davis to a 13-year prison term, striking the one-year prior prison term as directed. Davis did not file a timely notice of appeal from that judgment.

In 2024, the Department of Corrections and Rehabilitation identified Davis as having a prior prison term, prompting an eligibility hearing under section 1172.75 to determine whether Davis was entitled to relief. At that hearing, the court found that because the one-year prior prison term was previously "stayed or stricken," it lacked jurisdiction to resentence Davis. Davis filed a notice of appeal from that order, and while that appeal was pending, he sought constructive filing of a notice of appeal from the judgment entered after the October 2020 hearing. This court granted Davis's application for constructive filing and consolidated the appeals into the present case number.

---

[1] Subsequent undesignated statutory references are to the Penal Code.

2

On appeal, Davis asserts (1) changes to section 186.22 made by Assembly Bill No. 333 apply retroactively to his case, entitling him to retrial on the felony gang charge and gang enhancement; (2) his right to be present at the October 2020 hearing was violated, entitling him to resentencing; and (3) he is entitled to credit for time served at the time of any subsequent resentencing. The Attorney General agrees with Davis that retrial is required with respect to the gang convictions but argues Davis is not entitled to full resentencing.

For the reasons set forth below, we agree with the parties that Davis is entitled to retrial under the amendments to section 186.22 that occurred after his earlier sentences were imposed. We also agree with Davis that he is entitled to full resentencing. Accordingly, the gang activity conviction and gang enhancement finding are vacated. On remand, the People may retry Davis on those charges, incorporating the statutory definitions in section 186.22, as amended by Assembly Bill No. 333. Further, after retrial, the trial court is directed to conduct a full resentencing. If the People decide not to retry the charges, the trial court is directed to proceed to full resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

Around 11:15 a.m. one morning in January 2017, Davis, his co-defendant Jonathan Alfred Isaacs, and DeShawn Miller entered a GameStop. When the three men entered, there were customers in the store, and one employee, the store's assistant manager. (*People v. Isaacs* (July 14, 2020, D076557) [nonpub. opn.] (*Isaacs*).) The customers eventually exited, leaving Davis, Isaacs, and Miller alone with the manager, who was standing behind a counter. (*Ibid.*) Miller walked around the counter, pointed a revolver at the manager and ordered him to open the cash registers and lie on the floor. (*Ibid.*) The manager complied, and Miller and Isaacs took all the cash from

3

the registers and several gaming systems and games from the store's shelves. (*Ibid.*) Davis removed the manager's wallet from his pocket and put it back a few seconds later. Nothing was missing from the wallet, which contained the managers driver's license and credit cards, but no cash. (*Ibid.*)

Davis and his companions left the store, and the manager called 911. (*Isaacs, supra*, D076557.) As the manager locked the store, he saw the men driving away in a red Volkswagen Jetta. (*Ibid.*) The incident was also recorded by the store's video surveillance system. (*Ibid.*) When police investigated, they found Isaac's cell phone behind the store's counter. (*Ibid.*)

Davis was arrested and charged with robbery and felony gang activity under section 186.22 subdivision (a), and an allegation under section 186.22, subdivision (b)(1)(C), that the robbery was committed for the benefit of, at the direction of, or in association with a criminal street gang with the intent to promote, further or assist in criminal conduct by gang members. After trial, the jury convicted Davis of both charges and found true the gang enhancement allegation. Thereafter, the trial court found true two prison priors under section 667.5 subdivision (b).

At the subsequent sentencing hearing, the trial court imposed a total term of 14 years in prison, consisting of the midterm of three years for the robbery conviction, a consecutive ten-year term for the gang enhancement, the midterm of two years for the felony gang activity conviction stayed, and one year for the prison prior enhancement.

On direct appeal from the judgment of conviction, this court concluded Davis was entitled to the benefit of Senate Bill No. 136, which "amended section 667.5, subdivision (b) to eliminate the one-year prior prison term enhancement, except when the prior prison term was served for a qualifying sexually-violent offense." (*Isaacs, supra*, D076557.)

4

After our remand, a hearing on the remittitur took place on October 22, 2020. Davis was not present at the hearing, but was represented by a deputy public defender. After the court recited the disposition of this court's opinion, the prosecutor and defense counsel submitted without argument. On the court's request, defense counsel agreed to waive Davis's presence. The court then imposed the same sentence previously imposed, but modified the sentence to strike the one-year prison prior, resulting in a 13-year prison term. The court also stated the "credits remain the same as they were on the date of the sentence, which was 600 total. 552 actual, 78 conduct." The amended abstract of judgment and minute order issued after the hearing, however, stated the struck prison prior was "stayed." Davis, unaware of the hearing and sentence modification, did not file a notice of appeal.

In 2024, the California Department of Corrections and Rehabilitation identified Davis as potentially eligible for resentencing under former section 1171.1, subsequently renumbered 1172.75, and the court conducted an

5

eligibility hearing on April 19, 2024.[2] The court denied resentencing, finding it did not "have any jurisdiction to resentence the defendant or petitioner based on the fact that either the one-year priors were stayed or stricken. If they were stricken at the time of remittitur, the Court does not have any jurisdiction. If they were stayed, then pursuant to the *Rhodius* decision ... the Court does not feel it has jurisdiction for purposes of resentencing. So I'm going to deny the petition." Davis filed a timely notice of appeal from that order.

On October 29, 2024, Davis submitted an application to this court for constructive filing of a notice of appeal from the October 22, 2020 judgement modification after our prior remittitur. Therein, Davis explained his prior counsel had not notified him of the hearing or the result of the hearing, and had not advised him of his right to appeal from the modified judgment. Davis's trial counsel at the time of the 2020 proceeding submitted a declaration stating he had not communicated with Davis before or after the

---

[2] On June 25, 2024, Davis filed a motion to augment the appellate record to include "the 'CDCR resentencing list pursuant to PC1171/PC1171.1' received on May 18, 2023." The motion explained that Davis's appellate counsel "believe[d], based upon a reliable source of authority, that appellant's name appears on that list, on Line 502 to be precise." In response to the motion, we issued an order deferring a ruling on the motion with respect to the "CDCR resentencing list" and directed the trial court clerk "to prepare and transmit a confidential and/or sealed supplemental transcript, as applicable, and transmit it to this court and counsel of record for parties who had access to the document in the superior court. (Cal. Rules of Court, Rule 8.45(d).)" We added that, "[f]or clarity, the Clerk shall prepare this document consistent with this order, notwithstanding this court's deferral of this augmentation request." The trial court clerk did not transmit a list in response to this order. The clerk did, however, file an augmented transcript that included a form stipulation dated March 15, 2024 that Davis was on the CDCR "list, provided as required by Penal Code § 1171 and Penal Code § 1171.1" and was "eligible for resentencing pursuant to Penal Code § 1171.1." The deferred motion is, therefore, denied as moot.

6

hearing, and had not obtained a waiver of his presence or offered to file a notice of appeal. This court granted Davis's application and deemed the notice of appeal from the October 22, 2020 order timely, and consolidated both appeals.

DISCUSSION

As noted, Davis asserts, and the Attorney General agrees, that because Davis's case is not yet final, he is entitled to retrial of the gang activity conviction and gang enhancement allegation in light of changes to the law that have occurred since he was sentenced. As we shall explain, we agree with the parties that the gang conviction and enhancement should be vacated and that retrial of those charges is appropriate.

I

*Gang Activity Conviction and Gang Enhancement*

A

At trial, Detective Jacob Medina, a Rialto police officer assigned to the gang unit, testified as the prosecution's gang expert. Medina said he was familiar with the Rialto gang called No Cutts. He had contacted numerous members of the gang, investigated crimes related to the gang, spoken with officers involved in past investigations of the gang, and seen social media and music videos relating to the gang. Medina testified that based on his background, training, and experience, Davis, Isaacs, and Miller were members of the No Cutts gang. Medina also told the jury the gang had approximately 40 members, and its primary activities were robbery, burglary, and possession of guns. Medina also said members of the gang had committed numerous predicate offenses, including Davis's prior conviction for felony possession of a firearm.

The prosecutor gave Medina a hypothetical fact pattern based on the facts of the case and asked Medina his opinion as to whether the robbery would have been done to benefit the gang. Medina responded "[b]y all three subjects going into the store and committing the crime together, it benefits one's own reputation, due to the fact, also, two other gang members are there

8

witnessing this crime, or this incident being done. [¶] Also, the items that are taken can be used to furnish items that might be valuable to that gang. And … it bolsters one's reputation within that gang." Medina added that bolstering individual gang members' reputations affects the whole gang's reputation by showing the gang was not weak and was willing to commit crimes. Medina also told the jury that the robbery was committed in association with the No Cutts gang "[b]ecause based on the hypothetical, you have three subjects all from the same gang, participating in that robbery together."

B

Section 186.22 was enacted in 1988 as part of the "California Street Terrorism Enforcement and Prevention Act" (STEP Act). (Stats.1988, ch. 1242, § 1, pp. 4127–4130; Assem. Bill No. 2013 (1987–1988 Reg. Sess.) Cal. Legis. Serv., ch. 1242; § 186.20 et seq.) The purpose of the STEP Act was to "make the commission of criminal offenses by individuals who are members of street gangs a separate and distinctly punished offense." (*Ibid*.) Subdivision (a) of section 186.22 makes active participation in a criminal street gang a substantive crime and subdivision (b) sets forth various sentencing enhancements for persons convicted of felonies committed for the benefit of, at the direction of, or in association with a criminal street gang. The statute also defines what constitutes a criminal street gang.

In 2021, section 186.22, subdivision (f), was modified by Assembly Bill No. 333 (2021-2022 Reg. Sess.). As of January 1, 2022, the statute defines a "criminal street gang [as] 'an ongoing, organized association or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more of the criminal acts enumerated in subdivision (e), having a common name or common identifying sign or

9

symbol, and whose members collectively engage in, or have engaged in, a pattern of criminal gang activity.' (§ 186.22, subd. (f).)" (*People v. Lopez* (2022) 82 Cal.App.5th 1, 11 (*Lopez*).) Under subdivision (e)(1), "[a] ' "pattern of criminal gang activity" ' " is defined as " ' "the commission of, attempted commission of, conspiracy to commit, or solicitation of, sustained juvenile petition for, or conviction of' two or more offenses listed [therein], if such conduct occurred within certain time frames and under particular circumstances specified therein. (§ 186.22, subd. (e)(1).) This is commonly known as the 'predicate offenses' requirement. (*People v. Navarro* (2021) 12 Cal.5th 285, 311.)" (*Lopez*, at pp. 11–12.)

The enhancements and alternate penalty provisions created by the gang statute "apply only to gang-related crimes, meaning offenses 'committed for the benefit of, at the direction of, or in association with a criminal street gang.' (§ 186.22, subds. (b), (d); accord, *People v. Livingston* (2012) 53 Cal.4th 1145, 1170.) The enhancements and alternate penalties further require 'the specific intent to promote, further, or assist in criminal conduct by gang members.' (§ 186.22, subds. (b)(1), (4), (d).)" (*Lopez, supra*, 82 Cal.App.5th at p. 12.)

After the amendments made by Assembly Bill No. 333, section 186.22 now requires predicate offenses "be shown to have 'commonly benefited' the alleged gang," and "the terms 'benefit,' 'promote,' 'further,' and 'assist' are now defined to mean providing 'a common benefit to members of a gang where the common benefit *is more than reputational*.' ([§ 186.22, subds. (e)(1)], (g).)" (*Lopez, supra*, 82 Cal.App.5th at p. 12, italics added.) In addition, the "[c]urrently charged offenses no longer qualify [as predicate offenses] (*id*., subd. (e)(2)), and at least one predicate offense must have been

committed 'within three years of the date the current offense is alleged to have been committed ...' (*id.*, subd. (e)(1))." (*Ibid.*)

C

Assembly Bill No. 333 changed the elements of both the section 186.22 gang activity crime and the gang enhancements after Davis was convicted and sentenced. Davis asserts the changes apply retroactively to his case because they were ameliorative and his judgment was not final when the changes went into effect. The Attorney General concedes the changes apply retroactively to cases in which there has not been a final judgment. The Attorney General also agrees Davis's case is not final because of this court's order allowing constructive filing of Davis's notice of appeal from the October 2020 sentencing modification. We accept the People's concession, and agree with the parties that the changes are applicable to Davis's case. (*People v. Tran* (2022) 13 Cal.5th 1169, 1206–1207 (*Tran*) [amendments to the gang enhancement statute apply retroactively to nonfinal judgments].)

Having decided the legislative changes apply retroactively, we turn to whether reversal of the gang activity conviction and gang enhancement is required. "When a substantive change occurs in the elements of an offense and the jury is not instructed as to the proper elements, the omission implicates the defendant's right to a jury trial under the Sixth Amendment, and reversal is required unless 'it appears beyond a reasonable doubt' that the jury verdict would have been the same in the absence of the error." (*Tran, supra*, 13 Cal.5th at p. 1207.)

Because the current gang statute was not in effect at the time of Davis's trial, the trial court did not instruct the jury on the current elements of a gang activity charge or gang enhancement under section 186.22. In particular, the court did not instruct the jury, and the prosecution did not

11

prove, (1) whether members of the criminal street gang collectively, not individually, engaged in the pattern of criminal activity; or (2) whether the pattern of criminal gang activity had a common benefit that was more than reputational. Considering this, the People appropriately concede the gang conviction and enhancement must be reversed, and we accept the concession. (See *Tran, supra*, 13 Cal.5th at p. 1207 [reversal of gang enhancement required where the "jury was not presented with any discernible theory as to how [gang's] members 'collectively engage[d] in' the[] predicate crimes," as required by the current gang enhancement law]; see also, e.g., *People v. Vasquez* (2022) 74 Cal.App.5th 1021, 1032 [gang enhancement reversed because "the evidence did not establish that [the predicate offenses] 'commonly benefited a criminal street gang, and the common benefit of the offense [was] more than *reputational*,' " italics added].)

"The proper remedy for this type of failure of proof—where newly required elements were 'never tried' to the jury—is to remand and give the People an opportunity to retry the affected charges." (*People v. E.H.* (2022) 75 Cal.App.5th 467, 480; see *People v. Salgado* (2022) 82 Cal.App.5th 376, 380–381 [vacating gang enhancements and remanding for possible retrial at the election of the People].) Thus, the gang conviction and enhancement are vacated and the matter is remanded. On remand, the People may elect to retry the gang charges under the current law.

## II

Davis next asserts he is entitled to resentencing after any retrial of the gang charges because he was not present in October 2020 when the court struck his prison prior in accordance with this court's remand and Senate Bill No. 136, and because the trial court failed to conduct a full resentencing hearing at that time. The Attorney General concedes the trial court erred by

conducting the resentencing hearing in 2020 without Davis's presence or a valid waiver of his presence, but asserts the error was harmless because his presence would not have affected the hearing's outcome.

A

" 'A criminal defendant's right to be personally present at trial is guaranteed under the federal Constitution by the confrontation clause of the Sixth Amendment and the due process clause of the Fourteenth Amendment. It is also required by section 15 of article I of the California Constitution and by sections 977 and 1043.' (*People v. Concepcion* (2008) 45 Cal.4th 77, 81 (*Concepcion*).) This right extends to all ' "critical stages of the criminal prosecution" ' and includes sentencing and resentencing." (*People v. Velasco* (2023) 97 Cal.App.5th 663, 673 (*Velasco*).)

"The right to be present may be waived. (*Concepcion, supra*, 45 Cal.4th at p. 82.) However, pursuant to section 977, subdivision (b)(1)–(2), in all cases in which a felony is charged, the defendant is required to be personally present at the time of the imposition of sentence unless he executed a written waiver of his right to be present or the waiver was properly entered orally on the record. The right to be present at the imposition of sentence includes the right to be present at a resentencing hearing, as the trial court has discretion to reconsider the entire sentence on remand for resentencing." (*Velasco, supra*, 97 Cal.App.5th at pp. 673–674.)

"When errors involving a defendant's federal constitutional rights are implicated, the standard set forth in *Chapman v. California* (1967) 386 U.S. 18 applies and the error is prejudicial and requires reversal unless we can conclude beyond a reasonable doubt that it did not affect the outcome of the proceeding." (*Velasco, supra*, 97 Cal.App.5th at p. 674.)

13

B

"Before 2019, Penal Code section 667.5, subdivision (b) (section 667.5(b)) instructed trial courts to 'impose a one-year term for each prior separate prison term or county jail term' served for a felony...." (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1054 (*Rhodius*).)  In 2019, the Legislature passed Senate Bill No. 136, which amended section 667.5 subdivision (b) "to eliminate prior-prison-term enhancements for all prior crimes except for 'sexually violent offense[s] as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.' " (*Ibid*.)  This change prompted our prior decision remanding Davis's case to the trial court for resentencing with directions to strike the prison prior.  (*Isaacs, supra*, D076557.)

Thereafter, in 2021, Senate Bill No. 483 explicitly made the relief provided by Senate Bill 136 retroactive.  The legislation "enacted Penal Code section 1171.1 (Stats. 2021, ch. 728, §§ 1, 3), later renumbered without substantive change as Penal Code section 1172.75 ... (Stats. 2022, ch. 58, § 12), which declares:  'Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid.' " (*Rhodius, supra*, 17 Cal.5th at p. 1054.)

Under the statute, "[a] defendant serving a term for a judgment that includes a now-invalid enhancement is entitled to resentencing.  (§ 1172.75, subds. (a), (c).)  To facilitate the process, the statute directs [CDCR] to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a).' (*Id*., subd. (b).)  Upon receiving that information, the sentencing court must 'review the judgment and verify that the current judgment includes a

14

sentencing enhancement described in subdivision (a).' ( *Id*., subd. (c).) 'If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.' (*Ibid*.)" (*Rhodius, supra*, 17 Cal.5th at p. 1055.)

Section 1172.75, subdivision (d) sets forth parameters for resentencing once a sentence is recalled. It states: " 'Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed.' (*Id*., subd. (d)(1).) The trial court must 'apply the sentencing rules of the Judicial Council' as well as 'any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.' (*Id*., subd. (d)(2).) In addition, the court may 'consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.' (*Id*., subd. (d)(3).)" (*Rhodius, supra*, 17 Cal.5th at p. 1055.)

In addition, "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' (*People v. Navarro* (2007) 40 Cal.4th 668, 681, citing *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1259 ['upon remand for resentencing

15

after the reversal of one or more subordinate counts of a felony conviction, the trial court has jurisdiction to modify every aspect of the defendant's sentence on the counts that were affirmed, including the term imposed as the principal term'].)" (*People v. Buycks* (2018) 5 Cal.5th 857, 893 (*Buycks*).)

C

With respect to the prison prior that was at issue at the October 2020 hearing, at that time the law—and this court's prior decision—required the trial court to strike the one-year enhancement term and resentence Davis. The parties agree Davis's absence from the hearing without a valid waiver for that absence was a violation of his rights. The Attorney General argues the violation does not require reversal because Davis was not prejudiced. Specifically, the Attorney General argues that the record makes clear that had Davis been resentenced, the trial court would not have further reduced the punishment. Davis argues the violation was prejudicial because he was deprived of the full resentencing afforded by our remand. We agree with Davis.

The trial court was required to conduct a full resentencing hearing in accordance with our prior opinion and subsequent remittitur. (See *Buycks, supra*, 5 Cal.5th at p. 893.) The prior opinion's disposition stated, in pertinent part: "Davis's judgment is affirmed with respect to his convictions and the true finding on the gang enhancement allegation under Penal Code section 186.22, subdivision (b)(1). The judgment is reversed with respect to Davis's sentence and the matter is remanded for resentencing. The trial court is directed to strike the one-year prior prison term enhancement in accordance with Senate Bill No. 136 and to resentence Davis accordingly." (*Isaacs, supra*, D076557.) While the trial court read this disposition into the record at the October 2020 hearing, the court proceeded to strike the prison

16

prior one-year term, but did not otherwise conduct a resentencing hearing.[3] Further, the record related to Davis's motion for constructive filing of his notice of appeal in this court confirms Davis was not informed of the hearing or provided an opportunity to address the issue.

Had Davis been present at the hearing, he may have "offered mitigating factors that arose after his original sentencing; he may have expressed remorse; [or] he may have made a plea for leniency." (*People v. Cutting* (2019) 42 Cal.App.5th 344, 350.)  While not in effect at the time, section 1172.75 now "expressly allows the trial court to consider postconviction factors such as 'the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.' (§ 1172.75, subd. (d)(3).)" (*Velasco, supra*, 97 Cal.App.5th at p. 674.)

Because Davis was not able to present any argument concerning his sentence, we cannot conclude the error was harmless beyond a reasonable

---

[3]    Davis asserts that resentencing is also appropriate because the abstract of judgment and minute order from the hearing indicate his prison prior is stayed, rather than stricken.  He agrees, however, that the erroneous abstract of judgment is not controlling.  Rather, the trial court's oral pronouncement of judgment striking the prison prior controls over discrepancies in the abstract of judgment and minute order.  (*People v. Burke* (2023) 89 Cal.App.5th 237, 244; *People v. Delgado* (2008) 43 Cal.4th 1059, 1070 ["the abstract of judgment is not itself the judgment of conviction, and cannot prevail over the court's oral pronouncement of judgment to the extent the two conflict"].)

17

doubt.[4] Although the procedural posture of this case is unusual given the passage of time and our court's order allowing the constructive filing of notice of appeal from the October 2020 order, Davis is entitled to the resentencing relief he seeks on appeal. Accordingly, if Davis is retried on the gang charges, thereafter, the trial court is directed to conduct a full resentencing hearing to provide Davis with the opportunity to address additional sentencing changes that have occurred since the October 2020 hearing. (See *People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"].) If the People elect not to retry the gang charges, the trial court is directed to proceed to resentencing.[5]

## DISPOSITION

Davis's conviction for street terrorism under section 186.22, subdivision (a) and gang enhancement under section 186.22 subdivision (b) are vacated and the matter is remanded. On remand, the People may elect to retry these charges under current law or, instead, proceed directly to

---

[4] The Attorney General contends that because the court carefully struck a balance between the aggravating and mitigating factors at play at the *original sentencing hearing in 2018*, "it is evident that the trial court would not have further reduced [Davis]'s sentence, so his absence" at the subsequent sentencing hearing "is harmless beyond a reasonable doubt." The court's statements at the 2018 sentencing hearing do not establish Davis's absence at the hearing in 2020 was harmless.

[5] The Attorney General properly notes that at the time of resentencing Davis should be provided custody credit for time served as of that date. (See *People v. Buckhalter* (2001) 26 Cal.4th 20, 23 ["When, as here, an appellate remand results in modification of a felony sentence during the term of imprisonment, the trial court must calculate the actual time the defendant has already served and credit that time against the 'subsequent sentence.' (§ 2900.1.)"].)

resentencing.  During resentencing, the trial court is directed to provide Davis with custody credit for time served as of the date of resentencing.  After resentencing, the trial court is directed to forward the revised abstract of judgment to the California Department of Corrections and Rehabilitation.


                                                        McCONNELL, P. J.

WE CONCUR:


O'ROURKE, J.


BUCHANAN, J.